IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELANIE MILLER,** : | CIVIL ACTION NO. 1:21-CV-1889 |
|  : | |
| Plaintiff : | (Judge Conner) |
|  : | |
| v. : | |
|  : | |
| **USAA GENERAL INDEMNITY** : | |
| **COMPANY,** : | |
|  : | |
| Defendant : | |

## MEMORANDUM

Plaintiff Melanie Miller brings this action against defendant USAA General Indemnity Company ("USAA") for breach of an insurance contract and bad faith. USAA moves for summary judgment. We will grant USAA's motion.

**I.      Factual Background & Procedural History**[1]

This case arises from a car accident in Cumberland County, Pennsylvania, on December 4, 2020. (See Doc. 32 ¶ 1 (citing Doc. 1 ¶¶ 6-10)). An underinsured motorist failed to yield the right of way while turning into oncoming traffic and struck the 1997 Mazda in which Miller was a passenger. (See id.) Miller suffered

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the movant's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 32, 33-1). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

serious, permanent physical injuries requiring extensive medical treatment. (See id. ¶ 2 (citing Doc. 1 ¶ 13)).

At the time of the accident, Miller lived with her daughter, Kayleigh Halverson, and Kayleigh's grandmother, Tammy Halverson, in Carlisle, Pennsylvania. (See id. ¶ 3 (citing Doc. 1 ¶ 19)). Tammy Halverson held an insurance policy with USAA, a Texas-based insurance company, covering three vehicles: a 2002 Ford F-350, a 2012 Lincoln MKX 4D, and a 2017 Nissan Rogue. (See id. ¶¶ 4-5). The policy's declarations page identifies Tammy as the sole "named insured" and lists both Tammy and Kayleigh as "operators" of the covered vehicles. (See Doc. 30-2, Automobile Policy Packet at 6).[2] The policy also provides for underinsured motorist coverage ("UIM coverage") in the amount of $300,000 per person and $500,000 per accident, stacked across the three vehicles, (see id.), for bodily injuries sustained by a "covered person" resulting from an automobile accident caused by an underinsured motorist, (see Doc. 30-2, Pennsylvania Auto Policy at 17).

For purposes of UIM coverage, "covered persons" include (1) "[y]ou or any family member," (2) "[a]ny other person occupying your covered auto," and (3) "[a]ny person for damages that person is entitled to recover because of [bodily

---

[2] The policy consists of several different documents and forms with varying pagination practices. (See Doc. 30-2). For ease of reference, citations to the full policy will include the name of the particular document at issue—*e.g.*, "Automobile Policy Packet." When conflicting page numbers appear at both the top- and bottom-right corners of a given document, our citation will utilize the number located at the bottom-right corner.

2

injury] to which this coverage applies sustained by a person described in" the first two categories. (See Doc. 32 ¶ 6 (quoting Doc. 30-2, Pennsylvania Auto Policy at 15-16)). The policy defines "you" and "your" as "the 'named insured' shown on the Declarations and spouse if a resident of the same household," and "family member" as "a person related to you by blood, marriage, or adoption who resided primarily in your household." (See id. (quoting Doc. 30-2, Pennsylvania Auto Policy at 3)). Miller is not related to Tammy Halverson by blood, marriage, or adoption, and none of the vehicles involved in the accident is a "covered auto" under Tammy's policy. (See Doc. 32 ¶¶ 8-11).

Following the crash, Miller submitted her UIM coverage claim to USAA. (See id. ¶ 7). USAA initially offered Miller $300,000 in exchange for releasing the company from all claims she may have had under the policy stemming from the accident. (See Doc. 26 ¶ 30; see also Doc. 33, Ex. D). Miller rejected USAA's offer and demanded $900,000 in stacked UIM coverage as a "resident relative of Kayleigh" Halverson. (See Doc. 26 ¶¶ 27-28). USAA refused to entertain Miller's demand after determining she does not meet the policy's definition of "family member." (See id. ¶ 32).

Miller initiated the present action on November 5, 2021. USAA moves for summary judgment. The motion is ripe and ready for disposition.

## II.  **Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of

proof tasks the nonmoving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The court is to view the evidence "in the light most favorable to the non[]moving party and draw all reasonable inferences in that party's favor."  Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the nonmoving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986).  Only if this threshold is met may the cause of action proceed.  See Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

#### A. Breach of Contract

To establish a claim for breach of contract under Pennsylvania law, a complaining party must prove (1) the existence of a contract, including its essential terms, (2) breach of a contractual duty, and (3) resulting damages. See Silva v. Rite Aid Corp., 416 F. Supp. 3d 394, 401 (M.D. Pa. 2019) (Conner, C.J.) (citing Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016)).  USAA denies it owes a duty to Miller because she is not a covered person under the policy.  (See Doc. 31 at 5-10).

Tammy Halverson's policy with USAA expressly limits the persons covered by its UIM coverage provisions to the named insured, family members

who primarily reside in the named insured's household, and individuals occupying covered automobiles.  (See Doc. 30-2, Pennsylvania Auto Policy at 15-17).³  Tammy is the sole named insured on the policy.  (See id., Automobile Policy Packet at 6).  Miller resided in Tammy's household at the time of the accident, (see Doc. 32 ¶ 3), but she was and is not related to Tammy by blood, marriage, or adoption, (see id. ¶¶ 9-11), nor was she occupying a covered vehicle at the time of the accident, (see id. ¶ 8).  Miller thus seeks to establish herself as a "covered person" via her daughter, Kayleigh, with whom she also resided.  (See Doc. 33 at 6-11).  But the policy merely identifies Kayleigh as an insured "operator" of the covered vehicles, not a "named insured."  (See Doc. 30-2, Automobile Policy Packet at 7).  Hence, Miller's claim for coverage facially is unavailing.

Miller rejoins that Pennsylvania recognizes three classes of insureds under UIM coverage policies, the first of which usually includes "the named insured and any designated insured, and, while residents of the same household, the spouse and relatives of either."  (See Doc. 33 at 7 (quoting U.S. Fid. & Guar. Co. v. Tierney Assocs., Inc., 213 F. Supp. 2d 468, 470 (M.D. Pa. 2002))).  Her reliance upon Tierney is misplaced.  That decision does not mandate specific insurance coverage.  It simply observes car insurance policies

---

³ The policy also extends coverage to other persons for damages they are entitled to recover due to bodily injuries "sustained by" the named insured, a resident-relative, or another person occupying a covered vehicle.  (See Doc. 30-2, Pennsylvania Auto Policy at 17).  Miller does not contend this provision applies to her.

*generally* contain three classifications of insureds, and class-one insureds typically include resident-relatives of designated insureds other than the named insured. See Utica Mut. Ins. Co. v. Contrisciane, 473 A.2d 1005, 1010 (Pa. 1984) (recognizing "[t]hese classifications are contained in most uninsured motorist policies"); accord Jeffrey v. Erie Ins. Exch., 621 A.2d 635, 644 (Pa. Super. Ct. 1993) (*en banc*). That is not the case here.

The instant policy deviates slightly from the general practice insofar as its definition of "covered persons" only extends resident-relative coverage to resident family members of the named insured. (See Doc. 30-2, Pennsylvania Auto Policy at 15). USAA is not obliged to extend coverage to Miller because she is not a resident family member of Tammy Halverson, and thus is not a "covered person" under the plain terms of the policy's UIM coverage provisions.[4] Miller has no claim for breach of contract.

B. **Bad Faith**

Pennsylvania law permits a court in actions "arising under an insurance policy" to award interest on the amount of the claim, punitive damages, and costs and attorney fees "if the court finds that the insurer has acted in bad faith toward the insured." See 42 PA. CONS. STAT. § 8371. To recover in a bad-faith action, a plaintiff must demonstrate by clear and convincing evidence "(1) that

---

[4] Nor is USAA's initial offer of $300,000 to Miller in exchange for a release of potential claims, (see Doc. 26 ¶ 30), of any moment. See also FED. R. EVID. 408(a). Miller did not accept the offer or execute the accompanying release. (See Doc. 26 ¶ 28). In the absence of an enforceable settlement agreement, USAA was free to reassess its coverage position.

the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." See Rancosky v. Wash. Nat. Ins. Co., 170 A.3d 364, 365 (Pa. 2017).

Miller's claim for bad faith fails because the policy does not cover her. Pennsylvania's bad faith statute applies only to actions taken by an insurer in bad faith toward an "insured."  See 42 PA. CONS. STAT. § 8371; Strutz v. State Farm Mut. Ins. Co., 609 A.2d 569, 571 (Pa. Super. Ct.), appeal denied, 615 A.2d 1313 (Pa. 1992); see also Klinger v. State Farm Mut. Auto. Ins. Co., 895 F. Supp. 709, 715 (M.D. Pa. 1995) ("An insurer's duty to deal in good faith applies to all persons who are 'insured' under the policy.") (citing Dercoli v. Pa. Nat. Mut. Ins. Co., 554 A.2d 906, 909 (Pa. 1989)).  Miller is not an insured under the policy. Consequently, her derivative statutory bad faith claim fails as a matter of law.

## IV.   Conclusion

We will grant USAA's motion for summary judgment  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 26, 2023